899 S.W.2d 379 (1995)
In the Matter of T.J.V., a Juvenile, Appellant,
v.
The STATE of Texas, Appellee.
No. 08-94-00330-CV.
Court of Appeals of Texas, El Paso.
May 4, 1995.
Richard L. Ainsa, El Paso, for appellant.
Jose R. Rodriguez, County Atty., Arthur Provenghi, Asst. County Atty., El Paso, for state.
Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

OPINION
LARSEN, Justice.
T.J.V. appeals an order by the juvenile court waiving jurisdiction of proceedings against him, and allowing him to be criminally charged and tried as an adult. TEX.FAM. CODE ANN. § 54.02 (Vernon 1986). In this appeal, Appellant contends that TEX.FAM. CODE ANN. § 55.02(d) (Vernon 1986) required proceedings in the juvenile court to be stayed after the court found he was mentally ill and required mental health services. Appellant brings two points of error challenging the juvenile court's refusal to stay proceedings. We affirm.

FACTS
Appellant is charged with engaging in delinquent conduct by committing the offenses of murder and attempted capital murder. In March 1994, the juvenile court held a mental health hearing pursuant to Tex.Fam.Code Ann. § 55.02 to determine if appellant was mentally ill and in need of court-ordered mental health services. The juvenile court found appellant was mentally ill and ordered that appellant be committed to Big Springs Mental Health Facility for up to 90 days. Appellant was discharged from the hospital in June; all juvenile proceedings were stayed during his hospitalization. In August 1994, upon a second application by T.J.V.'s attorney, the juvenile court held another mental health hearing to determine whether appellant continued to be mentally ill and in further need of court-ordered mental health services. After that hearing, the juvenile court made the following specific findings:
[T]he Juvenile: DOES NOT suffer from a mental disease or defect which renders the Juvenile unfit to proceed.
. . . . .
[T]he Juvenile DOES have a mental illness.
. . . . .
[T]he Juvenile DOES require mental health services. In making such finding, *380 the Court determines that the Juvenile: IS likely to cause serious harm to himself, and, IS likely to cause serious harm to others.
The Court specifically finds that additional temporary hospitalization IS NOT required.
[T]he least restrictive and most appropriate setting for the delivery of any needed mental health services is on an outpatient basis with the use of appropriately prescribed medications....
The Juvenile IS NOT committed to any facility for the mentally ill.
In September 1994, the court denied appellant's motion to stay the proceedings and conducted a hearing on the State's petition to waive juvenile court jurisdiction and transfer to criminal court. After the hearing, the juvenile court waived jurisdiction and transferred appellant's case to the district court for criminal proceedings. Those proceedings are currently in a district court of El Paso County.

STAY OF JUVENILE PROCEEDINGS WHEN COURT FINDS JUVENILE MENTALLY ILL
Appellant T.J.V. brings two points of error challenging the juvenile court's denial of his motion to stay proceedings, its hearing of the State's transfer motion, and in entering its order waiving jurisdiction and transferring appellant's case to the district court. He claims that because the court found he was mentally ill and ordered that he receive mental health services (albeit as an outpatient), all juvenile proceedings should have been stayed in accordance with Tex.Fam. Code Ann. § 55.02(d) which provides:
If the juvenile court orders temporary hospitalization of a child, the proceedings under this title then pending in juvenile court shall be stayed. TEX.FAM.CODE ANN. § 55.02(d) (Vernon 1986).
In support of his position, appellant asserts that the legislature intended the term "hospitalization" as used in the family code to be synonymous with the term "court-ordered temporary mental health services," including outpatient treatment, in the Health and Safety Code. T.J.V. argues that so long as the court made a finding that he was mentally ill and ordered mental health services be provided, the juvenile proceedings against him should have been stayed. Appellant further contends that the term "hospitalization" does not necessarily refer to the specific setting for treatment, but rather means that a juvenile is so mentally ill that he or she needs some type of mental health treatment.
The issue here is one of first impression. We must determine whether a court order that a juvenile is to receive mental health services, but not ordering hospitalization, requires that proceedings in the juvenile court be stayed. We find instructive a review of the history behind the enactment of the Health and Safety Code, as well as the Family Code.
The original bill governing court orders upon a mental health hearing provided only two alternatives to the court: the patient's immediate release, or hospitalization. Acts 1957, 55th Leg., p. 505, 512, ch. 243, § 38. Later, the legislature amended the law to add a third alternative, treatment without hospitalization. The new provision reads:
(c) If upon the hearing the court finds that the proposed patient is mentally ill and requires observation or treatment for his own welfare and protection or the protection of others but that the required observation or treatment can be accomplished without commitment to a mental hospital, the court may order the proposed patient to submit to other treatment, observation, or care as may be found by the court to be likely to promote the welfare or protection of the proposed patient and the protection of others.... Acts 1975, 64th Leg., p. 486, ch. 209, § 1.
Thus, a court now has three options. It may order the patient's immediate release upon no finding of mental illness. Upon finding a patient mentally ill, it may order treatment by hospitalization or outpatient mental health services.
Appellant argues that because the Health and Safety Code requires the court to make *381 the same findings[1] before ordering either hospitalization or outpatient mental health services, we should interpret "hospitalization" to mean any order for treatment following a finding that the juvenile is mentally ill. If the court finds a child in need of mental health services, he argues, the proceedings in the juvenile court must be stayed. We cannot agree.
Although the considerations for ordering mental health services are the same whether that care is hospitalization or outpatient care, the Family Code recognizes a difference between the two forms of treatment by specifying that juvenile proceedings shall be stayed only if a court orders hospitalization of a child. We believe this is a rational distinction, as hospitalization naturally entails more intensive treatment for a more profound illness. Moreover, we note that in 1991, § 55.02 was amended to reflect the legislative transfer of the Mental Health Code provisions to the Health and Safety Code. TEX. FAM.CODE ANN. § 55.02(b) (Vernon Supp. 1995). Although at that time both hospitalization and outpatient treatment were options available to the court upon a finding of mental illness, the legislature nevertheless chose to retain the specific requirement of hospitalization as a prerequisite to staying juvenile court proceedings.
Finally, we note that if a juvenile court determines a child is mentally ill but does not need hospitalization, proceedings may still effectively be stayed in an appropriate case. The Family Code prohibits a child's juvenile proceeding from being transferred to criminal court or subjected to adjudication, disposition, or modification of disposition while the child, as a result of a mental disease or defect, is unfit to proceed. Tex.Fam.Code Ann. § 55.04(a) (Vernon 1986). This provision protects a child who is mentally ill, but not ordered hospitalized. The court in the instant case found specifically that appellant was not suffering from a mental disease or defect which rendered him unfit to proceed.[2]

CONCLUSION
Here, the juvenile court found appellant had a mental illness and was likely to cause serious harm to himself and others. Rather than committing him to a hospital, however, the court found that the least restrictive and most appropriate setting for any needed mental health services was on an outpatient basis with the use of appropriately prescribed medications. We find that "hospitalization" under Tex.Fam.Code Ann. § 55.02(d) (Vernon 1986) does not include a court order for outpatient mental health services. The juvenile proceeding was therefore not stayed by the order for mental health treatment on an outpatient basis, and no error is shown. We affirm the juvenile court's order waiving jurisdiction and transferring this cause to district court.
NOTES
[1] (a) The judge or jury may determine that a proposed patient requires court-ordered temporary mental health services only if the judge or jury finds, from clear and convincing evidence, that:

(1) the proposed patient is mentally ill; and
(2) as a result of that mental illness the proposed patient:
(A) is likely to cause serious harm to himself;
(B) is likely to cause serious harm to others; or
(C) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress, will continue to experience deterioration of his ability to function independently, and is unable to make a rational and informed decision as to whether or not to submit to treatment. TEX.HEALTH & SAFETY CODE ANN. § 574.034(a) (Vernon 1992).
[2] Absent a judicial finding to the contrary, a person is presumed mentally competent and findings that a person is mentally ill and in need of mental health services does not impact that presumption. Tex.Health & Safety Code Ann. § 576.002 (Vernon 1992). Thus, competence to assist in juvenile proceedings against a child, as competence to assist in one's criminal defense, are not effected by a finding that the individual is in need of mental health services. In this case, the evidence is ample that T.J.V. is competent to assist in the proceedings.